UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DERIK DEANGELO, CHAMBLIN GROUP REAL ESTATE VENTURES LLC and REISPEC DEVELOPMENTS LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>CESAR HUMBERTO PINA, WHAIRHOUSE LLC, WHAIRHOUSE HOLDINGS LLC, WHAIRHOUSE INVESTMENTS LLC, WHAIRHOUSE LIMITED LIABILITY CO., WHAIRHOUSE REAL ESTATE LLC, FLIP THE DAO LLC d/b/a "FLIP 2 DAO," and RAASHAUN CASEY a/k/a DJ ENVY, JENNIFER ITTURALDE PINA, LUIS PINA, FROM START 2 FLIPPING LLC, FROM START 2 FLIP CONSULTING 2 LLC, JASMINE 101 LLC, CESAR and DJ ENVY SEMINARS LLC, TAYLOR PINA and LAND TRAP LORD LLC d/b/a "TRAP LAND LORD."<br><br>          Defendants, | Civil Action No.: 2:23-cv-22655<br><br><br><br><br><br>**BRIEF IN SUPPORT OF MOTION TO AUTHORIZE SUBSTITUTED SERVICE OF PROCESS** |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

On the Brief: Alexander Schachtel Esq.

## TABLE OF AUTHORITIES

| **Court Rules** | **Page** |
|---|---|
| Fed. R. Civ. Pro. R. 4(e)(1) | 3, 4 |
| N.J. Ct. R. 4:4-4(b)(1)(C) | 3, 4 |

I.  **FACTUAL BACKGROUND**

The Plaintiffs in this action are four victims of the Defendants' multimillion dollar real estate Ponzi scheme. Plaintiffs have attempted to personally serve Defendants Cesar Pina, Jennifer Pina, and Taylor Pina with process at their home address located at 101 Jasmine Court, Franklin Lakes, New Jersey 07417. However, after five (5) separate service attempts, Plaintiffs' process server has advised that the Defendants appear to be willfully evading personal service by refusing to answer the door. 101 Jasmine Court is known to be the home address of the Defendants based on information obtained through public records searches and also based on successful service of other court documents in related litigation upon the Defendants at that address.

Plaintiffs now seek relief by way of court order authorizing substituted service by mail in accordance with Fed. R. Civ. Pro. R. 4(e)(1) (authorizing service in any manner permitted by rules governing the local jurisdiction) and New Jersey Court Rule 4:4-4(b)(1)(C) (authorizing service via mail).

II.  **AN ORDER AUTHORIZING SUBSTITUTED SERVICE VIA MAIL IS NECESSARY IN THIS ACTION**

As set forth above, Plaintiffs have made multiple attempts to personally serve the Defendants with process at their home but the Defendants continue to evade service. Attempts were made to serve the Pinas with process at 101 Jasmine Court on 12/12/2023 at 11:44 AM, 12/13/2023 at 9:43 AM, 12/14/2023 at 10:45 AM, 12/15/2023 at 5:35 PM and 12/18/2023 at 8:31 AM. Ex. B. An affidavit from Plaintiffs' server is attached attesting to these efforts. Id.

On each occasion that service was attempted, the process server observed cars parked in the driveway, but no one answered the door. Id. The server believed that the Defendants were

"evading" service as per his affidavit. *Id*. After 5 attempts the server concluded that he was unable to effectuate personal service upon the Defendants. *Id*.

Because the Defendants cannot be served by way of personal service, the Plaintiffs must resort to alternative methods of service as permitted by the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure provide that if service cannot be made by personal delivery, then service may be effectuated by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. Pro. R. 4(e)(1). Here, the applicable state laws are the rules governing civil practice and procedure in the State of New Jersey.

Under New Jersey law, the primary method for effectuating service is personal delivery. See N.J. Ct. R. 4:4-4(a), 4:4-5(a). The Court Rules, however, allow for substitute or constructive service when personal service via delivery cannot be effected. *See* N.J. Ct. R. 4:4-4(b).

That rule provides that "if it appears by affidavit satisfying the requirements of R. 4:4-5(b) that despite diligent effort and inquiry personal service cannot be made in accordance with paragraph (a) of this rule [personal delivery], then, consistent with due process of law, in personam jurisdiction may be obtained over any defendant as follows: … (c) mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail to: (1) a competent individual of the age of 14 or over, addressed to the individual's dwelling house or usual place of abode." N.J. Ct. R. 4:4-4(b)(1)(C).

Here, as set forth above, the Plaintiffs have demonstrated that that they have made diligent effort and inquiry to personally serve the Defendants at their home address. The Plaintiffs have further affirmed the basis for their knowledge of the validity of the address and provide proofs of prior personal service successfully completed in State court actions. The

4

Defendants are now evading service and Plaintiffs respectfully seek leave of court to complete service via mail as authorized by the New Jersey Court Rules.

Respectfully Submitted,

*/s/ Alexander Schachtel*

Alexander Schachtel, Esq.
Law Office of Alexander Schachtel LLC
101 Hudson Street, Ste. 2109
Jersey City, New Jersey 07302
(p) 201-925-0660
(e) xschachtel@gmail.com
*Attorney for Defendants*

5