UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DERIK DEANGELO, LUIS A. HERNANDEZ, CHAMBLIN GROUP REAL ESTATE VENTURES LLC and REISPEC DEVELOPMENTS LLC, | : Civ. Action No. <br> : 23-CV-22655 |
| Plaintiffs, | |
| v. | |
| CESAR HUMBERTO PINA, WHAIRHOUSE HOLDINGS LLC, WHAIRHOUSE INVESTMENTS LLC, WHAIRHOUSE REAL ESTATE LLC, WHAIRHOUSE LIMITED LIABILITY COMPANY a/k/a WHAIRHOUSE LLC, WHAIRHOUSE COMMERICAL PROPERTIES LLC, FLIP THE DAO LLC d/b/a "FLIP 2 DAO," RAASHAUN CASEY a/k/a DJ ENVY, JENNIFER ITURRALDE PINA, LUIS PINA, FROM START 2 FLIPPING LLC, FROM START 2 FLIP CONSULTING 2 LLC, FROM START 2 FLIP CHICAGO LLC, CESAR, and DJ ENVY SEMINARS LLC, TAYLOR PINA, PAULA LLANOS, TAYLOR'S REAL ESTATE LLC, TAYLOR INVESTMENT GROUP LLC, FLIPPING AND TIPPING CONSULTING LLC, FLIPPING KEYS 2 LLC, LUCHIE CONSTRUCTION LLC, PINA MANAGEMENT LLC, LAND TRAP LORD LLC d/b/a "TRAP LAND LORD," 13910 WOODWORTH LLC, 13604 EARLWOOD ROAD LLC, 3110 EAST 94TH STREET LLC, 11611 SAYWELL AVE LLC, 11831 UNION AVE LLC, 14116 STRATHMORE AVE LLC, 1715 TAYLOR ROAD LLC, 1842 COLONNADE ROAD LLC, 3549 EAST 151ST LLC, 6003 THACKERAY LLC, 6615 CLARK AVE LLC, 799 EAST 103RD STREET LLC, 8301 KORMAN AVE LLC, and BCB COMMUNITY BANK, | |
| Defendants. | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

# TABLE OF CONTENTS

|  | PAGE |
|---|---|
| **PRELIMINARY STATEMENT** | 1 |
| **POINT I** <br> THE BREACH OF CONTRACT COUNT (COUNT THREE) SHOULD BE DISMISSED AS TO CESAR AND JENNIFER PINA | 1 |
| **POINT II** <br> THE CONSPIRACY CLAIM (COUNT FIVE ) SHOULD BE DISMISSED | 2 |
| **POINT III** <br> THE RICO CLAIM (COUNT SIX) SHOULD BE DISMISSED | 3 |
| **POINT IV** <br> THE FRAUDULENT TRANSFER CLAIM (COUNT EIGHT) SHOULD BE DISMISSED | 5 |
| **POINT V** <br> CLAIMS AGAINST THE OHIO LLCs SHOULD BE DISMISSED | 7 |
| **POINT VI** <br> CLAIMS SHOULD BE DISMISSED WITH PREJUDICE | 7 |
| **CONCLUSION** | 8 |

## PRELIMINARY STATEMENT

All defendants but for Raashaun Casey a/k/a DJ Envy and BCB Community Bank (both represented by other counsel), and Whairhouse Limited Liability Company a/k/a Whairhouse LLC (in bankruptcy), submit this Reply Brief in further support of their motion to dismiss the Fourth Amended Complaint ("FAC") pursuant to Fed. R. Civ. P. 8, 9(b), and 12(b)-6).

## POINT I

### THE BREACH OF CONTRACT COUNT (COUNT THREE) SHOULD BE DISMISSED AS TO CESAR AND JENNIFER PINA

The breach of contract claim is against Cesar Pina, Jennifer Pina, and From the Start 2 Flipping, LLC. Without connecting a defendant to a contract, however, it goes without saying that plaintiffs cannot make out a claim against the defendant for breach of contract. Plaintiffs have failed to allege that Cesar or Jennifer Pina personally entered into a contract with any of the plaintiffs, and therefore breach of contract claims against them should be dismissed.

As regards plaintiff Derik DeAngelo, plaintiffs allege that he entered into a joint venture agreement only with Whairhouse, LLC, not with Cesar or Jennifer Pina. FAC, para. 134.

As regards plaintiff Chamblin Group Real Estate Ventures, Inc., plaintiffs do not allege that Cesar or Jennifer Pina entered into a contract with it. FAC, para. 176.

As regards plaintiff Reispec Development, LLC, plaintiffs allege that it entered into a joint venture agreement only with Whairhouse, LLC, not with Cesar or Jennifer Pina. FAC, para. 193.

As regards plaintiff Luis Hernandez, plaintiffs allege that he entered into a joint venture agreement only with From Start 2 Flipping, LLC, not with Cesar or Jennifer Pina. FAC, para. 226.

1

As regards plaintiff We Family, plaintiffs allege that it entered into a joint venture agreement only with From Start 2 Flipping, LLC, not with Cesar or Jennifer Pina. FAC, para. 246.

Although plaintiffs allege that Cesar Pina signed the agreements, they do not allege that he signed them in his personal capacity or that he personally entered into the contrac. Nor is there any Count alleging alter ego liability or a Count seeking to pierce the corporate veil.

In short, the fourth amended complaint is barren of any allegation that defendants Cesar or Jennifer Pina personally entered into any contract with any of the plaintiffs. Accordingly, Count Three of the fourth amended complaint against Cesar and Jennifer Pina for breach of contract should be dismissed.

## POINT II

### THE CONSPIRACY CLAIM (COUNT FIVE) SHOULD BE DISMISSED

Plaintiffs concede that to be held liable for civil conspiracy, defendant Paula Llanos must have had knowledge of the conspiracy and of a general unlawful agreement/plan. Plaintiff's Brief at Point VI. Plaintiffs, however, fail to allege knowledge on the part of Paula Llanos of any plan, agreement, or conspiracy, or any overt act in furtherance of any conspiracy. Moreover, in their prior brief opposing defendants' motion to dismiss the third amended complaint, plaintiffs described Paula Llanos as a "conspirator after the fact." Essentially plaintiffs simply assert that Paula Llanos created certain limited liability companies for the Pina defendants, but under no stretch of the imagination does this translate into her having knowledge of a conspiracy or knowingly participating in one. In any event, no knowledge is alleged.

As regards the entity defendants, plaintiffs simply allege that defendants Whairhouse, LLC, From Start 2 Flipping, LLC, and Flip 2 Start Chicago, LLC were parties to

the joint venture contracts. *See* Brief at Point VI; FAC, paras. 134, 177, 193, 226, 233, 246. Simply being a party to a contract, or being "used" to allegedly further wrongs, does not make one a conspirator. Knowledge of the conspiracy and of the unlawful agreement must be alleged, and allegations of such knowledge are sorely missing here.

## POINT III

### THE RICO CLAIM (COUNT SIX) SHOULD BE DISMISSED

Plaintiffs allege that defendants 'were members of a common scheme and enterprise.'" FAC, para. 362. Hence, plaintiffs admit that there is no distinction between the RICO enterprise and the RICO defendants, and this is fatal to plaintiffs' RICO claim. *See, e.g., Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158 (2001)(must be distinctiveness between enterprise and defendants).

In addition, to sustain a RICO claim a plaintiff must allege at least two predicate acts. *E.g., Amos v. Franklin Fin. Servs. Corp.,* 509 Fed. Appx. 165; 168 (3d Cir. 2013)(must prove at least two predicate acts to sustain a RICO claim). No predicate acts, however, are alleged. Indeed, in their opposing brief plaintiffs admit that "the Complaint does not cite individual statutory criminal subsections" that constitute predicate acts. Brief at Point VII.

In their opposing brief plaintiffs also do not even address the argument that the RICO claim must be dismissed because plaintiffs have not alleged a "pattern of racketeering activity." Because plaintiffs have failed to plead any predicate acts, they cannot have adequately pled a pattern of racketeering activity and therefore the third amended complaint should be dismissed. *See, e.g., Lum v. Bank of America,* 361 F.3d 217, 223 (3d Cir. 2004)("A pattern of racketeering activity requires at least two predicate acts of racketeering activity")(citation omitted); *Pedersen v. Nat'l Collegiate Athletics Ass'n,* 2015 WL 7573200 at *5 (D.N.J. Nov. 24, 2015)("[G]iven that Plaintiffs have not sufficiently alleged a single instance of racketeering activity, Plaintiffs have also not pled a 'pattern of activity'").

Finally, plaintiffs' allegations concerning a RICO enterprise require dismissal of the RICO claim.

Plaintiffs allege no facts regarding the structure of the purported enterprise. *See, e.g., In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 366 (3d Cir. 2010)("Specifically, it 'must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose'")(quoting *Boyle v. United States*, 556 U.S. 938, 946 (2009)). The conclusory allegations pled by plaintiffs fall well short of pleading the existence of a RICO enterprise. Indeed, it does not suffice for plaintiffs simply to string together a group of defendants and label the group an association-in-fact enterprise, as plaintiffs do here. *E.g., Nasik Breeding & Research Farm, Ltd. v. Merck & Co., Inc.*, 165 F. Supp.2d 514, 539 (S.D.N.Y. 2001).

Plaintiffs also have failed to allege that any defendant, and certainly not all defendants, participated in the operation or management of the alleged enterprise. *See, e.g., Reeves v. Ernst & Young*, 507 U.S. 170, 178-79); *Univ. of Md. v. Peat, Marwick, Main & Co.*, 996 F.2d 1534, 1539-40 (3d Cir. 1993). *See also Lightning Lube v. Witco Corp.*, 4 F.3d 1153, 1191 (3d Cir. 1993)("[Plaintiff's federal] RICO pleadings fail to 'allege a specific nexus between control of any enterprise and the alleged racketeering activity'").

The RICO claim fails because plaintiffs do not allege that the RICO enterprise had any existence beyond that which was necessary merely to commit the alleged wrongdoing. *See, e.g., In re Insurance Brokerage Antitrust Litigation*, 618 F.3d 300, 365 (3d Cir. 2010)(must show that enterprise "has an existence beyond that which is necessary merely to commit each of the acts charged as predicate racketeering offences").

Finally, especially as regards Paula Llamos, the Ohio LLCs, Whairhouse, LLC, From Start 2 Flipping LLC, and From the Start 2 Flipping Chicago, LLC, plaintiffs do not allege

4

that they participated in the operation of management of any enterprise, or that they committed any predicate acts or engaged in a pattern of racketeering activity. Nor is there any allegation that they "received income" from or acquired an interest in any RICO enterprise.

For all these reasons, defendants respectfully submit that the RICO claim should be dismissed.

## POINT IV

### THE FRAUDULENT TRANSFER CLAIM (COUNT EIGHT) SHOULD BE DISMISSED

The fraudulent transfer claim against defendants Taylor Pina, Paula Llanos and the Ohio LLCs should be dismissed, because no details are pled concerning when transfers were allegedly made, the amount of the alleged transfers, or the identity of the transferors.

Defendants Taylor Pina, Paula Llanos, and the Ohio LLCs have not been placed on notice of the `precise misconduct with which they are charged, and to safeguard defendants against spurious charges' of fraud." *Craftmatic Sec. Litig. v. Kraftsow,* 890 F.2d 628, 645 (3d Cir. 1989) (quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.,* 742 F.2d 786, 791 (3d Cir. 1984). As to these defendants, plaintiffs have not supported "their allegations of . . . fraud with all of the essential factual background that would accompany `the first paragraph of any newspaper story'—that is, the `who, what, when, where and how' of the events at issue." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 217 (3d Cir. 2002)(citations omitted). They have not pled the "who, what, when, where and how."

Instead, of pleading fraud with specificity, plaintiffs improperly "lump Defendants together as a group and assert general common factual allegations against all of them." *Sheeran v. Blyth Shipholding S.A.,* 2015 WL 9048979 at *3 (D.N.J. Dec. 16, 2015). "[T]his type of 'group pleading' does not satisfy Rule 8, because it does not place Defendants on notice of the claims against each of them." *Id. See also MDNet, Inc. v. Pharmacia Corp.,*

5

147 F. App'x 239, 245 (3d Cir. 2005)("[T]he complaint must plead with particularity by specifying the allegations of fraud applying to each defendant"); *Inigris v. Borough of Caldwell*, 2015 WL 3613499 at *5 (D.N.J. June 9, 2015); *Shaw v. Hous. Auth. of Camden*, 2012 WL 3283402 at *2 (D.NJ. 2012); *Soto v. Quicken Loans, Inc.*, 2010 WL 5169024 at *5 (D.N.J. Dec. 14, 2010)(dismissing fraud and New Jersey RICO claims because "[m]any of the allegations in the Amended Complaint refer to the[] 'defendants' collectively as a single unit" and, "[a]s such, it is difficult to discern, for example, precisely what fraudulent conduct is alleged against which defendants");

Going to the merits of the claim, plaintiffs do not allege that all defendants received a transfer of money or property, and this is fatal to a fraudulent transfer claim. Although in their opposition brief plaintiffs vaguely and in conclusory manner assert that **the defendants** received "millions of dollars" from Cesar and Jennifer Pina without providing anything in exchange, this is not true. Paula Llanos is not alleged to have been the recipient of any transfer, and on this ground alone the fraudulent transfer claim against her should be dismissed. Indeed, the only allegation against Paula Llanos is that she allegedly formed the Ohio LLCs, but her forming a company cannot form the basis of a fraudulent transfer claim when she is not alleged to have received a transfer of any mmoney or property. FAF at para. 389.

To conclude, the allegations of Count Eight lack the required specificity to sustain allegations of fraudulent transfers, and therefore Count Eight should be dismissed as against all defendants. Moreover, as concerns defendant Paul Llanos, the fraudulent transfer claim especially should be dismissed, because plaintiffs do not even allege that she received any transfer of money or property.

## POINT V

## CLAIMS AGAINST THE OHIO LLCs SHOULD BE DISMISSED

The FAC fails to allege that the Ohio LLCs engaged in any misrepresentations, any omissions of material fact, any negligent misrepresentations, or any other wrongful conduct other than the alleged receipt of fraudulent transfers (Count Eight) and participation in a RICO violation (Count Six). Hence, putting aside Counts Six and Eight, all claims against the Ohio LLCs should be dismissed.

As concerns the Count Eight fraudulent transfer claim, again no details are pled concerning when transfers were allegedly made, the amount of the alleged transfers, or the identity of the transferors, and therefore the fraudulent transfer claim should be dismissed against the Ohio LLCs.

As concerns the Count Six RICO claim, no RICO claim has been pleaded. *See* Point III *supra*. Accordingly, it should be dismissed as against the Ohio LLCs.

To conclude, plaintiffs have failed to adequately plead claims against the Ohio LLCs. Accordingly, claims against the Ohio LLCs should be dismissed.

## VI

## CLAIMS SHOULD BE DISMISSED WITH PREJUDICE

Plaintiffs argue that if their claims are dismissed, they should be dismissed without prejudice. They argue that an amendment would not be futile, but they have had **four** opportunities to adequately state claims for relief. If they have been unable to date to plead claims, there is good reason to believe that a further fifth amendment would be futile. Accordingly, defendants respectfully submit that the dismissal of claims should be with prejudice. Defendants should not have to further endure having meritless claims leveled against them.

## CONCLUSION

For all the foregoing reasons, and those set forth in defendants' initial brief, defendants respectfully submit that all claims asserted against them in the FAC should be dismissed.

                                      S/Philip L. Guarino
                                      **(ATTY. NO. 027561982)**

                                      GUARINO & CO. LAW FIRM, LLC
                                      300 Main Street, Suite 552
                                      Madison, NJ 07940
                                      973/858-5574
                                      Fax: 973/528-0635
                                      e-mail: guarinolaw@gmail.com
                                      Counsel for all Defendants but for
                                      Raashaun Casey a/k/a DJ Envy,
                                      Whairhouse Limited Liability Company
                                      a/k/a Whairhouse LLC, and BCB
                                      Community Bank